## No. 76.

THE STATE EX REL. W. P. HALL, DISTRICT ATTORNEY, VS. THE JUDGE OF THE TENTH JUDICIAL DISTRICT.

The Judge of a District Court has no right to refuse leave to the District Attorney to file an Information, on the ground that, in his opinion, the statute under which the prosecution is instituted, is unconstitutional.

APPLICATION for writ of Mandamus.

*W. P. Hall*, District Attorney, Relator.

The opinion of the Court was delivered by

POCHÉ, J.   This is an application for a writ of mandamus to compel the Judge of the Tenth Judicial District to grant leave to the District Attorney of that district to file in the District Court for the parish of DeSoto, an information which that officer presented against one Miles Taylor, charging him with the crime of severing from the soil of another a portion of the crop then growing thereon.

The judge bases his refusal on the ground that, in his opinion, the statute under which the prosecution is brought—Act No. 8 of the Extra Session of 1870—is unconstitutional, and cannot support a criminal prosecution.

Both the judge and the District Attorney confine their argument to the constitutionality or unconstitutionality of the statute in question; but, in our opinion, that question cannot be discussed and settled in this proceeding, which presents the question as to whether the District Judge can withhold his consent to the filing of a criminal information on the ground that he considers the statute under which the charge is made as unconstitutional and void.        ,

An information is a criminal charge presented by the prosecuting officer of the State without the interposition of a grand jury. This mode of prosecution is recognized under the common law, and has been sanctioned by legislation in several States of the Union.

In this State it is specially authorized by the Constitution, for all offences not capital, Art. 5, and the mode of proceeding thereunder is prescribed in section 977 of the Revised Statutes, which provides that

State ex rel. Hall, District Attorney, vs. Judge of Tenth Judicial District.

"prosecutions for offences not capital may be by information with the consent of the court first obtained.''

After a diligent search, we have failed to find any legislation, or any adjudication of our courts, defining the discretion of the judge in granting or refusing his consent to file such informations.

It has been intimated that the judge could refuse his consent, in a case where the District Attorney presents a charge against an accused at the same term of the court, at which the grand jury had ignored a bill, based on the same charge against the same accused.

But, in that case, State vs. Ross, 14 An. 364, the Supreme Court held that the court having given its consent to the filing of the information, could not rescind its order, and quash the information, and ordered the District Court to reinstate the information and to proceed with the trial under it.

We conclude, from the reasoning of the court in that case, that the District Judge is not vested with unlimited discretion in granting or refusing his consent to the filing of informations before his court.

The object of the law in requiring the consent of the court in this mode of prosecution, was to protect the accused from being prosecuted under an information when, from the nature of the offence, the prosecution should have been presented under an indictment, or to protect him from a prosecution under a charge not predicated upon any statute of the State, defining the offence and prescribing a punishment therefor.

Beyond that, and in all cases where an information is presented in a proper case, under a statute, not repealed and not declared unconstitutional by the highest tribunal in the State, we cannot sanction the interpretation which warrants the refusal of the judge on the ground that, in his opinion, the statute under which the charge is based is. unconstitutional.

Such a latitude would present cases where, in a certain district, an accused could be charged, tried and punished for an offence under a statute recognized as binding by the judge of that particular district, when at the same time, in an adjoining district, the accused would be protected from prosecution for a similar offence, on the ground that the same statute would be held unconstitutional by the judge of the latter district.

We think, and we therefore hold, that the unconstitutionality of the statute made the basis of a prosecution, either by indictment or information, is a matter of defence exclusively within the discretion of the accused, who can urge it in arrest of judgment, but that such a defence cannot be anticipated or supplied by the judge so as to justify his refusal to the filing of an information.

We, therefore, conclude that in this case the District Judge has

erred in the course which he pursued, and that a writ of mandamus will lie in the premises.

It is, therefore, ordered, adjudged and decreed that the alternative writ of mandamus herein granted be made peremptory, at defendant's costs.