The opinion of the court was delivered by
MoEnhry, J.
The defendant was convicted for retailing spirituous liquors without a license, and fined in an amount over three hundred dollars.
He was tried on an information filed by the district attorney, under Act -35 of 1880. He filed a motion for a new trial on the ground that the verdict of the jury was contrary to the law and the evidence, and that the district attorney in his closing address to the jury referred to matters outside of the record, which were calculated to mislead them. The motion was overruled, and he then filed a motion in arrest of judgment, “ for the reason that the. bill of information on which defendant was tried and convicted by the jury was filed at a time when no court was in session and out of term time, and avers that such proceedings in a case of this character are illegal, null and void.” This motion also was overruled.
1. There is no evidence in the record to sustain the ground alleged that the verdict was contrary to the law and the evidence. The second ground for the motion, the indiscreet utterances of counsel in argument, is disposed of for the reasons assigned in the case of State vs. Randall Anderson and Allen Blackstone (45 An.), recently decided.
2. Act No. 35 of 1880, under the provisions of which the defendant was tried, is not logically arranged by sections. The several sections are, however, closely related and germane to each other, and the act as a whole is consistent. The title of the act is “to provide for the trial of offences where the penalty is not necessarily imprisonment at hard labor or death, and the several sections of the act are responsive to this title.
Logically arranged the act authorizes the holding of the District Courts at terms other than regular jury terms, and empowers the judge to order a special jury for the trial of all criminal cases where the penalty is not necessarily imprisonment at hard labor or death. That in all trials of such cases, under the 'act, they shall be before a jury of five, giving the defendant the right to elect to be tried by *977 the court, and to challenge five jurors peremptorily and any number for cause.
In the trial of cases provided for, the district attorney is authorized to file informations in the office of the clerk of the district court, which said filing shall be as valid as if made in open court. The act provides that the sheriff shall, immediately after the arrest and commitment of any person charged with an offence triable under the act, notify the district attorney.
The title of the act indicates its object, which is to provide .for the trial of all offences where the penalty is not necessarily imprisonment at hard labor or death. The several sections of the act, as we have stated, are responsive to the title. The section of the act which makes it the duty of the sheriff to notify the. district attorney of all persons charged with such offences, who are under arrest, does not limit his authority to file informations only against those whom the sheriff holds in custody.
The intention of this section was that the district attorney should be so notified in order that 'he might proceed at once to file the information required by the act, and the sheriff’s duty imposed by the act was merely to aid and assist the prosecuting officer in the discharge of his duty. The information was filed by the district attorney on his oath of office. While it is usually filed upon knowledge given by some other person than the district attorney, in this State he can file rb on information originating with himself. The act authorizes him to file informations for offences described in the act with the clerk of court, and to have the same validity as if filed in open court. It is clearly the meaning and intendment of the act that the information could be filed with the clerk when the court was not in session, as the act authorizes the judge to order a special jury to be drawn to try such offences at other than regular jury terms.
The information is clothed with all the regularity as though filed in open court.- Its validity as to form and substance is not questioned. The proceeding instituted by the district attorney was authorized by the act and he has literally followed its requirement.
Judgment affirmed.