(38 South. 202.)

No. 15,521.

## STATE v. SMITH.

(March 13, 1905.)

INFORMATION—VERIFICATION BY DISTRICT ATTORNEY—SPECIAL OATH.

1. The district attorney, acting on his official oath, may present an information, and, with leave of the court, have it filed, without any necessity of taking a special oath.

2. It is not alleged or shown that the prosecuting officer acted with vindictiveness or malice.

3. Where the prosecuting officer acts ex mero motu, and it does not appear that he has acted at the instance of any one, the defendant is without right to sustain the plea that the officer should have taken a special oath. His official oath suffices.

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Gregory Horatio Couvillon, Judge.

Mrs. M. L. Smith was convicted of illegally retailing spirituous liquors, and appeals. Affirmed.

William Harris Peterman, for appellant. Walter Guion, Atty. Gen., and Joseph W. Joffrion, Dist. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, C. J. Mrs. M. L. Smith was charged with retailing spirituous liquors without a license.

The prosecution was by information filed by the district attorney, with leave of the court first had and obtained.

The defendant was tried and convicted in the district court for selling liquor without a license. She was sentenced to a fine of $500, or, in default thereof, to imprisonment in the parish jail for a term of seven months.

Defendant interposed a motion to quash

the information on the ground that it was not supported by an affidavit or affirmation. This motion was overruled, subsequently, in arrest of judgment. Another motion was made on the same grounds. It also was overruled.

This appeal was taken from the sentence before mentioned. The only ground of defense is that the information was not preceded or followed by any affidavit or affirmation showing probable cause for the prosecution; that there was no sworn complaint made by any accuser, charging the defendant with the commission of any offense; and that the information did not set out that it was made upon the oath of the prosecuting officer.

The question involved, being one which goes to the form of the information, is to be determined by the rules laid down in jurisprudence. In other words, it does not involve the interpretation of any statute, nor does it present any original or a priori question. There is no special room for the exercise of any judgment, except the judgment to determine whether or not a change should be made in our jurisprudence.

The decisions of this court have uniformly held that the objection before stated is not well founded.

The statutes do not require verification of the information, or an independent information, or complaint, as basis for the information.

The latter stands upon the same plane with an indictment, and is just as efficacious as the basis of prosecution as an indictment in all cases except capital cases.

In the leading case of State v. Anderson, 30 La. Ann. 557—a decision which has every appearance of having been prepared with painstaking care—the court held that the information was of equal force as an indictment in all cases in which the law authorizes the former, and the only statute requirement being that the consent of the court was to be first obtained, and that, after this consent has been obtained, "the prosecution by information has never been doubted to be of equal validity under our law with that of indictment for any offense not capital."

Other decisions have since been rendered, although they are not directly in point. They, to an extent, recognize the binding effect as a precedent of the decision cited supra, for the information manifestly filed without any affidavit was recognized as a legal mode of prosecution. State v. Jackson, 45 La. Ann. 975, 13 South. 342; State ex rel. Hall, District Attorney, v. Judge of the Tenth Judicial District, 33 La. Ann. 1222; State v. Stewart, 47 La. Ann. 419, 16 South. 945.

True, an information should be drafted with words showing that it is brought in the name of the state, and by her authority. Here this appears by an express allegation in the information.

In this state all informations are presented upon the official authority of the Attorney General, or upon the official authority of the district attorney.

The authority to file an information is not dependent upon the affidavit of a private person.

A preceding examination is not necessary to the filing of an information. It is not required by the Constitution nor by the statute. Until such an examination is ordered by statute, or until a preceding oath is required to the filing of an information, our view is decidedly for sustaining the cited decisions as precedents upon that point. For years it has been thus accepted. A change in interpretation at this date would serve no useful purpose. If not supported by statute, it would only serve to confuse and add to the difficulty in bringing accused to trial.

There was a valid complaint lodged against defendant, and immediately after, with the court's consent, the information was filed. The officer acts upon his official oath.

STATE v. SMITH.

The court will not assume that that oath is not sufficient to warn him against the grave impropriety or criminality of instituting a prosecution for any other reason than the proper administration of justice. The purpose of the official oath is to maintain good faith and guard against unjust and vindictive prosecution. If this fails of its purpose, an additional oath taken by the prosecuting officer to verify the information would also fail.

An indictment need not be verified by oath, as an indispensable requisite. An information being in this respect on equal plane with an indictment, it is not made subordinate to that formality.

If not required in the former, principle and authority do not suggest that it should be required in the latter. A rule applicable to information should be equally as applicable to indictments. This may be met by the answer on the part of defendant that the grand inquest has the authority, under the law, to initiate prosecutions without reference to prior affidavit.

Granted; but what then becomes of one of defendant's grounds that no warrant of arrest shall issue, except upon probable cause, supported by oath or affirmation?

An indictment is sufficient to issue the warrant of arrest.

The information of equal authority as a basis of the prosecution is not subjected to that formality.

Let us suppose, as sometimes happens, that the grand jury, for good cause, were to instruct the prosecuting officer to present an information; the prosecuting officer could scarcely be required, in addition to take an oath, to verify the information, or to require the prosecuting witness to take such an oath.

Were a prosecution groundless and vindictive in this case, other issues would arise which are not before us.

The prosecuting officer, if he chooses,

114 La.—11

might require an affidavit in order to satisfy himself of the verity of the charge. This is left with him, and, in the event he choose to act without special affidavit, the information is not null on that ground.

For reasons assigned, the judgment is affirmed.