STATE v. SMITH.

114 LA.—11

(38 South. 204.)

No. 15,522.

STATE v. SMITH.

(March 13, 1905.)

INFORMATION—VERIFICATION.

No statute requires that the information be sustained by the oath of the complainant. Such oath is generally required by statute. If not, then the official oath of the prosecuting officer is sufficient.

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Gregory Horatio Couvillon, Judge.

Mrs. M. L. Smith was convicted of crime, and appeals. Affirmed.

William Harris Peterman, for appellant. Walter Guion, Atty. Gen., and Joseph W. Joffrion, Dist. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, C. J. The facts stated in another case (No. 15,521) just handed down (38 South. 202)[1] against defendant, Mrs. Smith, is a sufficient statement of the case here. They are similar in each case, and the sentence is similar.

We do not wish to restrict the scope and effect of our Bill of Rights, and particularly that part referred to by defendant's counsel, which contains the proposition that no warrant shall issue except upon probable cause, supported by oath or affirmation.

In our view, the injunction is supported by

[1] Ante, p. 318.

sufficient oath, in view of the fact that it was "filed by the district attorney on his oath of office." State v. Jackson, 45 La. Ann. 997, 13 South. 343.

A special oath by that officer is not required, nor an oath on the part of the person complaining, if the officer, in the exercise of a proper discretion, deems that he has sufficient ground to present an information without requiring that oath.

The decisions rendered in other jurisdictions under other laws do not offer safe precedents to follow on a point special to our own jurisdiction, and which has become a well-established method to be followed.

Informations are like indictments, subject to similar rule on the ground here involved.

We find the following in the Encyclopædia of Pleading & Practice, vol. 10, p. 451, relative to "informations," which is pertinent:

"In some jurisdictions, however, the common-law practice prevails, under which the official oath of the prosecuting attorney is alone required."

Note 3 on the same page is in accord with the text.

We are informed that at common law an information may be filed upon official authority of the "Attorney General," and that information may be filed "at the instigation" of a private person.

The former is filed upon the official oath of the officer, and the latter upon the oath of the private person.

No question arises here in regard to the necessity of the oath of the person at whose instance the prosecution is initiated, for we are led to infer from the record that the prosecuting officer acted on his own account, and not at the instance of any one.

In our view of the law, we have no alternative save to affirm the judgment.

For reasons assigned, the verdict and sentence are affirmed.