PER CURIAM
In these consolidated applications, the District Attorney's Office for the 42nd Judicial District and the Public Defender's Office for the 42nd Judicial District (collectively referred to hereinafter as "relators") seek review of a judgment of the court of appeal affirming a judgment of the district court which declared a cooperative endeavor agreement between relators to be unconstitutional.
Pretermitting the merits, we find the district court erred in rendering a judgment in this matter because there was no justiciable controversy before the court.
*583 We have defined a justiciable controversy as "an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character." Abbott v. Parker , 259 La. 279, 249 So.2d 908, 918-19 (1971). A justiciable controversy must "be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." St.Charles Parish School Board. v. GAF Corp. , 512 So.2d 1165, 1171 (La. 1987) (on rehearing). In order to avoid deciding abstract, hypothetical or moot questions, courts require that cases submitted for adjudication be justiciable, ripe for decision, and not brought prematurely. Id.
In the instant matter, relators did not file any action for declaratory relief to determine the validity or constitutionality of the agreement. There was no criminal proceeding before the court and no criminal defendant raised any Sixth Amendment issues arising from the agreement. Rather, the district court, acting sua sponte , ordered the parties into court, created a proceeding on the docket, and issued an order that the clerk create a record. In the absence of any actual or substantial dispute between real parties, we find there was no justiciable controversy presented to the court.
Moreover, our well-settled jurisprudence, dating back over a century, makes it clear that a district court lacks standing to invoke constitutional concerns on its own initiative. See State ex rel. Hall v. Judge of the Tenth Judicial District , 33 La. Ann. 1222, 1881 WL 8805, at *1 (1881). As we explained in Greater New Orleans Expressway Comm'n v. Olivier , 2004-2147 (La. 1/19/05), 892 So.2d 570, 575-76, "it was better left to criminal defendants actually charged with violating a statute, and not to judges in a criminal cases, to raise the issue of a statute's constitutionality."
Accordingly, without expressing any opinion on the merits, we find that the district court erred in passing on the constitutionality and validity of relators' agreement in the absence of a justiciable controversy. Therefore, we must vacate and set aside the judgments of the lower courts in their entirety.
DECREE
For the reasons assigned, the writs are granted. The judgment of the court of appeal affirming the judgment of the district court is vacated and set aside.